# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BFK ENTERPRISE CO. d/b/a Bedrisystems,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 19-CV-291-CVE-FHM ) |
| **ABB MOTORS AND MECHANICAL, INC. f/k/a Baldor Electric Company,** | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss and Brief in Support (Dkt. # 8). Defendant ABB Motors and Mechanical, Inc. (ABB) asks the Court to dismiss plaintiff's breach of contract claim, because the parties' contract permitted ABB to terminate the parties' contractual relationship "for convenience." Dkt. # 8, at 1. Plaintiff BFK Enterprise Co. (BFK) argues that ABB omits a material part of the relevant provision of the contract, and the initial three year term stated in the parties' written agreement controls over any of the terms or conditions attached to the contract by ABB.[1]

## I.

On May 29, 2019, BFK filed a complaint alleging a single breach of contract claim against ABB. BFK alleges that it entered a service agreement with ABB and the parties agreed to a three

---

[1] BFK's response to the motion to dismiss was also docketed as a motion to amend the complaint (Dkt. # 15) should the Court grant the motion to dismiss, and BFK has filed a motion for hearing (Dkt.# 20) on the motion to dismiss. As explained in this Opinion and Order, ABB's motion to dismiss will be denied and BFK's motions (Dkt. ## 15, 20) are moot.

year initial term for the contract. Dkt. # 2, at 2. The agreement became effective on January 1, 2017. Id. at 1. The complaint alleges that the agreement does not permit either party to terminate the contract during the initial three year period. Id. at 2. BFK alleges that "ABB has attempted to unilaterally terminate the Agreement, and has failed to pay as agreed." Id. at 2. Plaintiff seeks damages in the amount of $260,000.

ABB has filed a motion to dismiss on the ground that the parties' written agreement incorporated ABB's General Terms and Conditions for the Purchase of Goods and/or Services, and the terms and conditions allow ABB to terminate the agreement at any time for "convenience" as long as it provides 30 days notice to BFK. The agreement[2] states that "[t]he initial term is for three years and it will be automatically renewed for successive one year periods, subject to either Party providing the other with at least 30 days prior written notice of its intent not to renew at the end of the then current term." Dkt. # 8-1, at 1. The agreement further provides that ABB's General Terms and Conditions for the Purchase of Goods and Services "found at http://www.abb.com/supplying and attached hereto are incorporated herein and apply to all transactions covered by this Agreement." Defendant's motion to dismiss omits the following sentence in this provision, which provides that "[i]n the event of a conflict between the terms of this Agreement and the [ABB] GTC Goods and Services, the terms of this Agreement shall control." Dkt. # 8-1, at 3. The terms and conditions state that "[ABB] may terminate the Contract for convenience in whole or in part by giving [BFK] thirty (30) calendar days written notice."

---

[2] The complaint does not explain what services BFK would provide under the contract, but the agreement states that BFK agreed to provide "IT services" for ABB. Dkt. # 8-1, at 1.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## III.

ABB argues that it had a right to terminate BFK's services "for convenience" as long as it provided 30 days notice to BFK, even if the three year initial term stated in the agreement had not

3

expired. Dkt. # 8. BFK responds that the language of the agreement controls over the ABB's terms and conditions in the event of a conflict, and the agreement does not provide ABB a right to unilaterally terminate the contract before the initial three year period has expired. Dkt. # 14.

The written agreement is not attached to BFK's complaint but it is referenced throughout. A district court must ordinarily convert a motion to dismiss into a motion for summary judgment if the parties request that the court consider evidence outside of the pleadings. GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). However, a district court may consider a document that is referred to in the complaint and is central to plaintiff's claims, even if a copy of the document has not been attached to the complaint. Id. Defendant has attached a copy of the parties' written agreement, including the incorporated terms and conditions, and the Court may consider these documents without converting defendant's motion to dismiss into a motion for summary judgment.

Under Oklahoma law, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." OKLA. STAT. tit. 15, § 154. "A contract must be considered as a whole so as to give effect to all its provisions without narrowly concentrating upon some clause or language taken out of context." Lewis v. Sac & Fox Tribe of Okla. Housing Auth., 896 P.2d 503, 514 (Okla. 1994). "The terms of the parties' contract, if unambiguous, clear, and consistent, are accepted in their plain and ordinary sense, and the contract will be enforced to carry out the intention of the parties as it existed at the time the contract was negotiated." Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla. 1991); see also OKLA. STAT. tit. 15, § 160. "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible . . . ." OKLA. STAT. tit. 15, § 155. "Interpretation of contracts, and

4

whether they are ambiguous, are matters of law for the court to determine." Livesay v. Shoreline, L.L.C., 31 P.3d 1067, 1070 (Okla. Civ. App. 2001) (citing Osprey L.L.C. v. Kelly Moore Paint Co., 984 P.2d 194 (Okla. 1999)).

The Court initially notes that it is not clear if Oklahoma or New York law applies to the parties' dispute. The terms and conditions incorporated into the agreement state that the "Contract is governed by the laws of the State of New York, including the Uniform Commercial Code adopted therein . . . ." Dkt. # 8-1, at 19. However, a separate document entitled "Scope of Work" was also attached to the agreement, and it states that the "agreement among the parties in this contract will be governed by and construed in accordance with the laws of Oklahoma . . . ." Id. at 13. BFK takes the position that choice of law has no effect on the outcome of the case, because the contractual provision concerning the initial three year term is ambiguous and Oklahoma and New York have similar law on the interpretation of ambiguous contractual language. Dkt. # 14, at 5. ABB ignores the choice of law issue and assumes that Oklahoma law applies to the parties' dispute. Dkt. # 16, at 1.

The Court finds that it does not need to resolve the choice of law issue to rule on ABB's motion to dismiss, because BFK has stated a plausible claim for relief under at least two theories regardless of whether New York or Oklahoma law applies. First, ABB omitted a material part of the relevant contractual provision concerning the incorporation of ABB's terms and conditions, and ABB failed to mention that the terms of the agreement would control over the terms and conditions. See Dkt. # 8, at 4. There may not be an ambiguity between the agreement and the terms and conditions, because the parties agreed that "the terms of this agreement shall control." The agreement provides for an initial three year term with a right for either party to terminate the

5

agreement at the end of the three year term. The terms and conditions would permit ABB to terminate the agreement "for convenience," but this conflicts with the plain language of the agreement. The parties agreed that the terms and conditions would be incorporated into the agreement to the extent that there was no conflict, and it appears that the agreement and the terms and conditions conflict as to ABB's right to terminate the agreement. BFK has made a plausible argument that the terms of the agreement control and that ABB did not have a right to terminate the agreement before the initial three year term expired. Second, BFK argues that the terms and conditions create an ambiguity that should be construed against the drafter of the contract. The agreement contains a notation that it is the "ABB Standard Service Agreement," and this supports an inference that ABB drafted the agreement. Both Oklahoma and New York law permit a court to construe any ambiguity in a written contract against the drafter. McMinn v. City of Oklahoma City, 952 P.2d 517, 522 (Okla. 1997) ("If terms in the contract are ambiguous, it must be construed against the drafter of the contract"); Village of Ilion v. County of Herkimer, 18 N.E.3d 359 (N.Y. 2014) (stating general rule that ambiguities in a contract are construed against the drafter). If the Court were to find the agreement ambiguous as to ABB"s right of termination, this would permit either side to offer extrinsic evidence in support of their proposed interpretation of the contract, and this issue would not be suitable for resolution on a motion to dismiss. Plano Petroleum, LLC v. GHK Exploration, L.P., 250 P.3d 328, 331 (Okla. 2011); Justinian Capital SPC v. WestLB AG, 65 N.E.3d 1253, 1262 (N.Y. 2016).

Defendant argues that the Tenth Circuit has determined that a contract that provides for a fixed initial term can be subject to a right of termination. Dkt. # 16, at 2-3. In F.W. Woolworth v. Petersen Co., 78 F.2d 47 (10th Cir. 1935), F.W. Woolworth (Woolworth) entered an employment

6

contract with M.M. Petersen providing for a one year initial term of employment, and Petersen's employment would continue from year to year if no party took any action to terminate the contract before it automatically renewed. Id. at 47-48. However, the contract also provided both parties a right to terminate the contract at any time during the year by giving 30 days notice of their intent to terminate the contract. Id. at 48. The Tenth Circuit considered the contract as a whole, including a provision that Petersen could resign at any time, and found that Woolworth had a similar right to terminate Petersen's employment. Id. at 49. This was a diversity case arising from the state of Colorado, and the Tenth Circuit was not applying Oklahoma law. The case has not been cited by the Oklahoma Supreme Court and the Court does not find that F.W. Woolworth is consistent with Oklahoma contract law. In any event, the Court finds that there are important factual distinctions that would render F.W. Woolworth inapplicable to the present case. F.W. Woolworth involved an employment contract and this context was significant to the manner in which the Tenth Circuit resolved the case. It is also significant that the contract in F.W. Woolworth provided a mutual right to terminate the contract, while the agreement in this case provides that ABB alone may terminate the contract before the three year initial term expires. The written contract in this case also specifies that the terms of the agreement control over the general terms and conditions relied upon by ABB to terminate the contract, and the contract in F.W. Woolworth did not have a similar "control" clause. The Court does not find that F.W. Woolworth is binding precedent or that it is helpful in resolving BFK's breach of contract claim. BFK has stated a plausible breach of contract claim against ABB, and ABB's motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and Brief in Support (Dkt. # 8) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint (Dkt. # 15) and Plaintiff's Motion for Court to Set Hearing on Defendant's Motion to Dismiss (Doc. 8) (Dkt. # 20) are **moot**.

**DATED** this 1st day of November, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE